People v Ruiz (2022 NY Slip Op 07312)

People v Ruiz

2022 NY Slip Op 07312

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, AND CURRAN, JJ.

436/21KA 18-01832

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REBECCA RUIZ, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (MARILYN FIORE-LEHMAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered June 19, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. The judgment was reversed by order of this Court entered August 26, 2021 (197 AD3d 915), and the People were granted leave to appeal to the Court of Appeals from the order of this Court, and the Court of Appeals on December 15, 2022 reversed the order and remitted the case to this Court for a determination of the facts and issues raised but not determined on the appeal to this Court (— NY3d — [Dec. 15, 2022]). 
Now, upon remittitur from the Court of Appeals and having considered the facts and issues raised but not determined on the appeal to this Court,
It is hereby ORDERED that upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Ruiz, — NY3d &mdash, 2022 NY Slip Op 07092 [2022], revg 197 AD3d 915 [4th Dept 2021]). We previously reversed the judgment convicting defendant of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), concluding that County Court erred in denying her request to instruct the jury on the defense of temporary and lawful possession of a firearm (Ruiz, 197 AD3d at 916-917). The Court of Appeals reversed our order, stating that defendant "was not entitled to the temporary and lawful possession charge" because she "used the weapon in a dangerous manner" (Ruiz, 2022 NY Slip Op 07092, *2). The Court of Appeals remitted the matter to this Court "for a determination of the facts and issues raised but not determined" previously (id.).
After review of defendant's contention upon remittitur, we conclude that the sentence is not unduly harsh and severe.
Entered: December 23, 2022 Ann Dillon Flynn
Clerk of the Court